UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:13-cv-20949-CMA

PEDRO CHAVEZ

    Plaintiff,

v.

ZUMA JAPANESE RESTAURANT
MIAMI, LLC,

    Defendant.

_____/

## DEFENDANT ZUMA JAPANESE RESTAURANT MIAMI LLC'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

Defendant Zuma Japanese Restaurant Miami LLC ("Zuma"), by and through its undersigned counsel, hereby files its Answer, Defenses, and Affirmative Defenses, and in response to Plaintiff's Complaint states as follows:

1. Denies the allegations contained in paragraph 1 of the Complaint, except admits that this purports to be an action under the Fair Labor Standards Act ("FLSA") for alleged minimum wage violations and alleged retaliation under the FLSA.

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff commenced his employment with Zuma on January 28, 2013, that he worked for Zuma in Miami-Dade County, Florida, that he quit on February 8, 2013, and that during his employment with Zuma Plaintiff was an "employee" under the FLSA.

3. Denies the allegations contained in paragraph 3 of the Complaint (including subparts a-d).

4. States that paragraph 4 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Zuma admits that Zuma is a limited liability company doing business in Miami-Dade Florida and admits the remainder of the allegations for jurisdictional purposes only.

5. States that paragraph 5 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Zuma denies the allegations contained in paragraph 5 of the Complaint, except admits the allegations for jurisdictional purposes only.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff purports to bring this action to recover compensation for alleged FLSA violations, liquidated damages, and reasonable attorneys' fees.

7. States that paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required, Zuma admits the allegations for jurisdictional purposes only.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits the allegations with respect to Plaintiff only for jurisdictional purposes only.

9. Denies the allegations contained in paragraph 9 of the Complaint.

## RESPONSE TO COUNT I

10. In response to the allegations contained in paragraph 10 of the Complaint, Defendant re-asserts and re-alleges its responses to paragraphs 1-9 of the Complaint as if set forth fully herein.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

Defendant denies the allegations contained in the Wherefore clause that follows Count I of the Complaint and denies that Plaintiff is entitled to the relief sought therein.

## RESPONSE TO COUNT II

16. In response to the allegations contained in the second paragraph 16 of the Complaint, Defendant re-asserts and re-alleges its responses to paragraphs 1-9 of the Complaint as if set forth fully herein.[1]

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

Defendant denies the allegations contained in the Wherefore clause that follows Count II of the Complaint and denies that Plaintiff is entitled to the relief sought therein.

In response to Plaintiff's Jury Demand, Defendant admits that Plaintiff is entitled to a jury, but denies that he is entitled to any relief sought in the Complaint or whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Unless otherwise specifically admitted herein, Zuma denies each and every allegation in the Complaint.

2. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages.

---

[1] Plaintiff's Complaint contains two paragraphs numbered "16."

5. Assuming *arguendo* that Plaintiff is entitled to any damages for unpaid wages, any recovery for unpaid wages is subject to a set-off for any non-statutory compensation paid to Plaintiff.

6. Zuma's actions were in good faith and were without malice and without any retaliatory animus and were made in good faith compliance with the applicable provisions of the law, rules, and regulations.

7. Zuma had reasonable grounds to believe its conduct complied with the FLSA.

8. Any miscalculations of Plaintiff's compensation actually paid were not willful.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches and/or unclean hands.

10. Plaintiff waived any right to object to, and has consented and acquiesced in, any and all alleged acts of Zuma and Zuma's officers, directors, agents and employees.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

12. Plaintiff's claims are subject to all limitations on recovery of damages as set forth under applicable law.

13. Plaintiff did not engage in statutorily protected activity under the FLSA.

14. Plaintiff voluntarily resigned his employment, and therefore has not suffered any adverse action.

15. Assuming *arguendo* that Plaintiff did engage in statutorily protected activity and any adverse action occurred, there was no causal connection between any protected activity and any adverse action taken against Plaintiff.

16. Zuma reserves the right to rely on after-acquired evidence of misconduct so as to reduce Plaintiff's damages, if any.

17. Zuma reserves its rights to assert additional affirmative defenses as appropriate.

WHEREFORE, Zuma, having fully answered the Complaint and raised legal defenses thereto, requests that the instant action be dismissed in its entirety, with prejudice, and requests that costs, including reasonable attorneys' fees, be awarded to Zuma.

Date:  March 22, 2013

                Respectfully submitted,

                s/Andrea R. Bernstein
                Andrea R. Bernstein
                Florida Bar No. 0516511
                E-mail:  abernstein@fowler-white.com
                FOWLER WHITE BURNETT, P.A.
                901 Phillips Point West
                777 South Flagler Drive
                West Palm Beach, Florida 33401
                Telephone:   (561) 802-9044
                Facsimile:    (561) 802-9976

                Elizabeth P. Johnson
                Florida Bar No. 920990
                E-mail:  ejohnson@fowler-white.com
                FOWLER WHITE BURNETT, P.A.
                Espirito Santo Plaza, 14th Floor
                1395 Brickell Avenue
                Miami, Florida 33131-3302
                Telephone:  (305) 789-9200
                Facsimile:   (305) 789-9201

                *Attorneys for Defendant Zuma Japanese Restaurant Miami LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF on March 22, 2013 on all counsel or parties of record on the Service List below.

                                                                    s/Andrea R. Bernstein
                                                                    Andrea R. Bernstein

**SERVICE LIST**

CASE NO.: 1:13-cv-20949-CMA

| | |
|---|---|
| Lawrence J. McGuinness, Esq.<br>E-mail: ljmpalaw@netzero.com<br>MCGUINNESS & GONZALEZ, P.A.<br>1627 S.W. 37th Avenue<br>Suite 100<br>Miami, Florida  33145<br>Telephone: (305) 448-9557<br>Facsimile:  (305) 448-9559<br><br>*Attorneys for Plaintiff Pedro Chavez* | Andrea R. Bernstein, Esq.<br>E-mail:  abernstein@fowler-white.com<br>FOWLER WHITE BURNETT, P.A.<br>901 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401<br>Telephone:  (561) 802-9044<br>Facsimile:   (561) 802-9976<br><br>Elizabeth P. Johnson, Esq.<br>E-mail:  ejohnson@fowler-white.com<br>FOWLER WHITE BURNETT, P.A.<br>Espirito Santo Plaza, 14th Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131-3302<br>Telephone: (305) 789-9200<br>Facsimile:   (305) 789-9201<br><br>*Attorneys for Defendant Zuma Japanese*<br>   *Restaurant Miami LLC* |